IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEROY SANDERS, ET AL                                             PLAINTIFFS

VS.                           4:08CV00222 SWW/JTR

KOHLER CO.                                                        DEFENDANT

### ORDER

### I. Introduction

Pending before the Court is Plaintiffs' Third Motion to Compel (docket entry #47), which seeks the production of electronic information stored on the computers of Defendant Kohler Co. (hereinafter "Kohler").[1]  Before addressing the merits of Plaintiffs' Motion, the Court will review the facts giving rise to this discovery dispute.

On August 7, 2009, Plaintiffs filed their Second Motion to Compel. (Docket entry #34.) One aspect of that Motion focused on an issue raised during the deposition of Jerry Stone, the plant manager of Kohler's facility in Searcy.  Stone testified that no one had ever asked him to search his computer for information that was responsive to Plaintiffs' outstanding discovery requests.

As further evidence that Kohler had not been forthcoming in responding to Plaintiffs' Requests for Production of Documents, Plaintiffs' attorneys noted that one of their clients, who had previously worked for Kohler, gave them a copy of a November 5, 2007 email sent by Stone that was allegedly harmful to Kohler's defense of this action.  According to Plaintiffs' attorneys, Kohler had yet to produce this email "in its original form."

---

[1] United States District Judge Susan Webber Wright has referred all discovery matters to this Court for disposition.  (Docket entry #48.)

Thus, in their Second Motion to Compel, Plaintiffs requested the Court to: (1) compel "Stone to search his computer for emails or any other documents maintained on his hard drive which could be responsive to any of the Plaintiffs' Requests for Production of Documents;" and (2) compel Kohler to "ask all personnel at the Searcy facility with potentially discoverable information on their computers to take appropriate measures to secure such information, search their records, and produce responsive information." (Docket entry #34 at 6.)

In its Response to Plaintiffs' Second Motion to Compel, Kohler stated the following:

> *Kohler has complied with both its representation to preserve discoverable electronic information as well as the Federal Rules of Civil Procedure.* Mr. Stone has not even had the opportunity to read and signed [sic] his deposition. Moreover, Mr. Stone was not designated as an official representative of Kohler with respect to matters of document retention.

(Docket entry #39 at 6.) (Emphasis added.)

On October 7, 2009, the Court entered an Order resolving all aspects of Plaintiffs' Second Motion to Compel. (Docket entry #43.) With regard to whether Kohler had properly preserved and produced all of the discoverable electronic information at the Searcy facility, the Court interpreted the above-quoted language to mean that: (1) Kohler had fully complied with its obligation to preserve *all discoverable electronic data* (including such data stored on the computers of Stone and other employees in the Searcy facility), as required by the Federal Rules of Civil Procedure; and (2) after Stone had reviewed and signed his deposition, Kohler might produce additional newly discovered documents from the Searcy facility. (Docket entry #43 at 27.) Thus, with regard to Kohler's preservation and production of electronic information, the Court denied Plaintiffs' Motion, as moot, but noted that its ruling was without prejudice to Plaintiffs seeking further relief, at a later date, should grounds arise to support such a request. *Id.* Importantly, the Court explicitly required

Kohler to "*immediately notify the Court and opposing counsel if the Court's interpretation of [Kohler's Response was] not accurate.*" (Docket entry #43 at 27 n.21.) Following the entry of its October 7, 2009 Order, the Court heard nothing from Kohler regarding the Court's interpretation of the above-quoted language on page six of Kohler's Response to Plaintiff's Second Motion to Compel.

On October 9, 2009, Plaintiffs' counsel wrote Kohler's counsel and requested that: (1) Kohler immediately produce "Stone's [deposition] verification along with all newly discovered documents;" and (2) Kohler "immediately take appropriate measures to preserve all computers and hard drives in the computers of the Searcy facility[2] to ensure the integrity of a forensic examination should such a motion become necessary." (Docket entry #47, Ex. 2.) In making these requests, Plaintiffs were essentially asking Kohler to do what the Court had ordered on October 7. It does not appear that Kohler responded to this letter.

On October 26, 2009, Plaintiffs filed their Third Motion to Compel.[3] (Docket entry #47.) On October 29, 2009, Kohler's counsel wrote Plaintiffs' counsel and provided them with "the

---

[2]In September, Kohler announced to the news media that it was shutting down its Searcy facility. This raises the possibility that, by now, Kohler may have moved to another location the electronic data and other documents that were once at the Searcy facility. Kohler surely understands that its decision to close the Searcy facility in no way affects its continuing duty to preserve *all* of the electronic data and other documents which were at that facility during the relevant time period. Thus, the Court's references to electronic data and other documents located "at the Searcy facility," means such electronic data or documents still located at the Searcy facility *or* now located anywhere else.

[3]The Court's March 16, 2009 Scheduling Order established October 26, 2009, as the deadline for filing all motions. (Docket entry #25.) Shortly before Plaintiffs filed their Third Motion to Compel, the Court entered an Order (docket entry #46) granting Kohler's Motion to Continue. (Docket entry #44.) In that Order, the Court established a new discovery cutoff of March 9, 2010, and a motions deadline of April 6, 2010.

3

original verison of [Stone's] November 5, 2007 email," and informed them that "[w]e are in the process of confirming there are no other responsive, non privileged electronic documents." (Docket entry #53, Ex. 1.)

On November 12, 2009, Kohler filed its Response to Plaintiffs' Third Motion to Compel. (Docket entry #53.) On November 16, 2009, Plaintiffs filed a Reply.[4] (Docket entry #55.) Thus, the issues raised in Plaintiffs' Third Motion to Compel are joined and ready for disposition.

## II. Discussion

Plaintiffs contend that they have "received no electronic data from Kohler or any other correspondence from counsel for Kohler indicating that a search has been performed in compliance with the Court's [October 7, 2009] Order." (Docket entry #47 at 4.) They request "that the Court enter an Order compelling Kohler's compliance with [the Court's October 7, 2009] Order . . . and awarding Plaintiffs attorneys fees and costs associated with filing this Motion pursuant to Fed. R. of Civ. P. 37(b), as well as any other relief allowable under that rule which this Court deems appropriate." *Id.*

In its Response, Kohler correctly points out that "Plaintiffs are incorrect that Kohler has not produced any electronic data to Plaintiffs" and states that it "has produced and identified thousands of e-mails and thousands of pages of computer screen print outs related to Plaintiffs' personnel data." (Docket entry #54 at 3.) Of course, while this is a technically accurate statement, Kohler has chosen to ignore the fact that, *with regard to electronic data at the Searcy facility*, it still has *not* complied with the Court's October 7, 2009 Order. Kohler goes on to argue that "as the [October 7] Order

---

[4]In their Reply, Plaintiffs concede that a portion of their Third Motion to Compel, requesting that Kohler supplement its discovery responses to identify witnesses other than its in-house attorneys, is now moot. (Docket entry #55 at 4.) Thus, the Court need not address that issue.

denied Plaintiffs' Motion with respect to electronic information and Kohler is attempting to cooperate to satisfy Plaintiffs that all relevant information has been identified and/or produced, the Third Motion to Compel should be denied."[5]  (Docket entry #54 at 3.)

By its own admission, Kohler's effort to determine if it has any more electronically stored information responsive to Plaintiffs' discovery requests is a "work in progress," and it seems to be in no hurry to bring closure to that still unresolved question.  Furthermore, Kohler clearly appears to have violated its duty to promptly inform the Court, shortly after entry of the October 7, 2009 Order, that the Court had misconstrued the language on page six of Kohler's Response to Plaintiffs' Second Motion to Compel, and that Kohler, in fact, had *not* fully complied with its obligation to preserve all discoverable electronic information, and that it did *not* intend to produce more documents (electronically stored or otherwise) after Stone reviewed and signed his deposition.  If Kohler's counsel makes this kind of mistake again, the Court will impose sanctions.

Counsel for both sides are warned that the time for delaying tactics in this case is over.  If counsel have any further discovery problems, which they are unable to resolve among themselves, they *must not* file any more motions to compel.  *Instead, they must immediately notify the Court, by telephone, of the problem and the Court will resolve the matter, forthwith*.[6]

---

[5]Kohler also suggests that the Third Motion to Compel should be denied because Plaintiffs' counsel failed to file a supporting brief and a statement that the parties had conferred in good faith prior to seeking court intervention.  *See* E.D. Ark. Local Rule 7.2.  In their Reply, Plaintiffs argue that Kohler's Response should be stricken because it was not timely filed.

The Court views these respective arguments, both of which are technically correct, as "offsetting infractions" in a football game being played by ten-year olds.  In the future, it will behoove counsel for both sides to make certain that their motion papers comply with the Court's Local Rules and that they are filed in a timely manner.

[6]While neither side may like the way the Court decides their future discovery disputes, those matters will at least have the virtue of being decided with alacrity.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT Plaintiffs' Third Motion to Compel (docket entry #47) is GRANTED as follows: (1) Within twenty (20) days of the entry of this Order, Kohler must produce to Plaintiffs *all electronically stored information* at the Searcy facility, along with *all other documents* at the Searcy facility which are responsive to Plaintiffs' discovery requests and which have not yet been produced; and (2) Kohler must provide Plaintiffs' counsel with an affidavit from an appropriate Kohler representative which describes in detail all steps taken by Kohler to insure that all electronically stored data and other documents at the Searcy facility (see f.n.2, *supra*) have been produced.

IT IS FURTHER ORDERED that, if Kohler does not comply with this Order, Plaintiffs will be allowed to file a Motion to Show Cause and, if they prevail, they will be allowed to recover their attorney's fees and expenses.

Dated this 20th day of November, 2009.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE